THE BRITISH AMERICAN MORTGAGE CO. v. SMITH *ET AL.*

1. Assignee—Mortgage—Note.—The assignee of a note and mortgage transferred after maturity, takes them subject to any and all defenses or equities existing between the parties.

Before ALDRICH, J., Union, March 26, 1895.    Affirmed.

Action by the British American Mortgage Company against A. Frank Smith, Jane C. Nott, Glenn D. Peake, *et al.*, for foreclosure of mortgage, commenced in 1891. Facts are fully stated in following report of referee:

This is an action brought by the British and American Mortgage Company against A. Frank Smith and others to foreclose a certain mortgage. The other defendants are all lien creditors of the mortgagor, Smith, except the defendant, John Kennedy, who, on the first trial of the cause, claimed title to the land mortgaged. It was reported heretofore that A. F. Smith was the owner of the land sought to be sold, and that the mortgage of plaintiff was the first lien thereon. The whole difficulty seems to have arisen from some misunderstanding of counsel, for the priorities of the different mortgages were agreed upon at the first reference, and no question arose thereon until the argument before the Circuit Judge. It has, therefore, been recommitted to me to inquire and report on the relative priority of claim of defendant, Glenn D. Peake, and the mortgage of plaintiff. Since the former report was confirmed in all other respects, this is the sole question for adjudication.

On this branch of the case I have taken considerable testimony, have heard argument, and report the facts to be

as follows: It is admitted that the first lien upon the prem-
ises is the amount of the taxes paid thereon by Miss Jane
Nott, amounting at the date of this report to the sum of
—— dollars.  On January 6th, 1888, H. F. Smith executed
a mortgage to A. S. and J. A. Corry for the sum of $747.
Afterwards Smith conveyed the land to defendant, A. F.
Smith, who also executed a mortgage to ·Corry Bros.,
amounting to $1,084.   This latter mortgage Corry Bros. had
endorsed to defendant, A. N. Wood, and, upon its maturity,
Wood pressed the endorsers for the money, who called
upon A. F. Smith to meet it.   Mr. Smith, through his at-
torney, D. A. Townsend, Esq., made application for a loan
from the plaintiff company.   Mr. Townsend, after making
investigation, told him that all prior mortgages would
either have to be marked satisfied or their priority waived
before the loan could be secured; telling him, at the same
time, to bring down Mr. J. A. Corry, who was an attorney
at law, to have this done.   This information was conveyed
to A. S. and J. A. Corry, and, while the testimony is con-
flicting, from my knowledge of the character of the witnesses
and all the facts and circumstances, I am forced to conclude
that A. S. Corry authorized J. A. Corry to do whatever he
thought best about the matter.   This view is somewhat
strengthened by the fact that J. A. Corry was an attorney
at law.   When Mr. Corry and Mr. Smith came into the law
office of Mr. Townsend this loan was fully discussed, and it
was agreed that the lien of all prior mortgages should be
waived in favor of that of the plaintiff company.   The tes-
timony of Mr. Townsend and Mr. Smith is very clear and
positive upon this point.   Mr. Corry went into the office of
the register of mesne conveyances, and after a few minutes
came out and told Mr. Townsend that the lien of all the
mortgages was waived, so far as that of the British and
American Mortgage Co. was concerned.   As a matter of fact,
however, Mr. Corry was mistaken, for he seemed to have
·overlooked the Smith mortgage entirely, and this is the
chief difficulty about this case.   That it was a mistake, as

indicated above, is the only possible solution of the difficulty, for the fine character of Mr. Corry negatives the supposition that his statement was intentionally untrue. Upon the strength of Mr. Corry's statement that everything was all right, the loan was effected, and most of the money went to Corry Bros. Some time after this, and after the maturity of the Smith note and mortgage, A. S. Corry assigned his interest in it to the defendant, Glenn D. Peake, who was ignorant of the circumstances above narrated. The only investigation made by Peake before making the loan was an inspection of the record. Upon these facts the question arises, should the claim of Peake be paid before that of the plaintiff, and this is the sole question herein referred.

There can be no doubt, granting the facts above found to be true, that J. A. Corry had the right and actually intended to waive the lien of the Smith mortgage, and hence the only point to be determined is, was Peake such a *bona fide* purchaser for value without notice as would entitle his claim to priority? We think the question is fully determined by the authorities in this State. The H. F. Smith note and mortgage having been past due when assigned, passed subject to any and all defenses or equities existing between the parties. Glenn D. Peake stands in A. S. Corry's shoes, and has no higher rights than his assignor. Code, sec. 133; *Patterson* v. *Rabb*, 38 S. C., 138. The recording acts have no application, as contended by counsel for Peake. In this view of the case it is unnecessary to consider whether A. S. Corry has done enough to estop him, and consequently his assignee. I, therefore, find that the claim of the British and American Mortgage Co. should be paid before that of the defendant, Glenn D. Peake, and next after the taxes hereinabove found due. The testimony is herewith filed and made a part of this report.

Report of referee sustained. Defendant Peake appeals.

*Messrs. Bomar & Simpson*, for appellant.

*Mr. C. E. Spencer*, contra.

Sept. 9, 1895. The opinion of the Court was delivered by

Mr. Chief Justice McIver. The only question presented by this appeal is whether the mortgage held by the appellant, as assignee, has priority over the mortgage held by the plaintiff. So far as this question turns upon conclusions of fact, we are bound, under the well settled rule, to adopt the findings of the master, concurred in by the Circuit Judge; for, on some of the more material points, the testimony was conflicting, and it cannot with any propriety be said that the conclusions reached by the master, and concurred in by the Circuit Judge, are either without testimony to sustain them or are manifestly against the weight of the testimony.

The only question, therefore, which we are called upon to decide is whether the assignee of a note and mortgage transferred after maturity, can claim the protection of the equity rule in favor of purchases for valuable consideration without notice. That question has been so conclusively determined adversely to the view contended for by the appellant, by the very recent decision in the case of *Patterson* v. *Rabb*, 38 S. C., 138, that it is certainly unnecessary and scarcely proper to reopen the discussion. Regarding this as the only real question presented by this appeal, we have not deemed it necessary to go into any statement of the facts of the case, for which purpose reference may be had to the report of the master, where the facts will be found clearly and succinctly stated, and, therefore, that report should be incorporated in the report of this case.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.